UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   **2:23-cv-08118-MAA**                                               Date: **February 21, 2024**

Title   **Julie Gertler v. Omni Hotels Management Corporation et al.**

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Narissa Estrada | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**   **Order Regarding Plaintiff's *Ex Parte* Application to Remand this Action Back to Riverside Superior Court (ECF No. 35)**

Before the Court is Plaintiff Julie Gertler's ("Plaintiff") *Ex Parte* Application to Remand this Action Back to Riverside Superior Court ("Application"), filed January 31, 2024. (ECF No. 35.) In the Application, Plaintiff requests remand of the action back to Riverside Superior Court because newly added Defendant, Southwest Landscape, is a California citizen with its principal place of business in Indio, California. (*Id*. at 1, 5, 7.) Plaintiff contends that because this action was removed solely on the basis of diversity jurisdiction under 28 U.S.C. 1332(a), the action must be remanded pursuant to 28 U.S.C. 1441(b)(2). (*Id*. at 1–2, 6–7.)

On February 5, 2024, the Court ordered Defendants Omni Hotels Management Corporation ("Omni") and Omni RLP Holdings, LLC to file and serve either an Opposition or Statement of Non-Opposition to the Application no later than February 20, 2024. (ECF No. 39.)

On February 20, 2024, Defendant Omni filed a Statement of Non-Opposition to Plaintiff's *Ex Parte* Application to Remand Action Back to the Riverside County Superior Court, stating that "it does not oppose Plaintiff's Ex Parte Application to Remand Action Back to Riverside County Superior Court. Omni consents and agrees that Remand is appropriate." (ECF No. 40.)

As Defendants consent and agree to remand this action back to Riverside County Superior Court, it is unnecessary for the Court to engage in a detailed analysis of the Application. *See, e.g., Club One Casino, Inc. v. Sarantos*, No. 1:17-cv-00818-DAD-SAB, 2017 U.S. Dist. LEXIS 153208, at *3 (E.D. Cal. Sept. 15, 2017) (granting defendant's motion to dismiss where plaintiff filed a statement of non-opposition and noting that "the court need not engage in a detailed analysis");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:23-cv-08118-MAA**                                                            Date: **February 21, 2024**

Title        **Julie Gertler v. Omni Hotels Management Corporation et al.**

*Sullivan v. Luna*, No. 2:22-cv-07910-JWH-MAA, 2023 U.S. Dist. LEXIS 232427, at *5–6 (C.D. Cal. Nov. 13, 2023) ("Based on Petitioner's representation of his non-opposition to the Motion, reflected in the Notice of Non-Opposition and OSC Response, the Court need not engage in a detailed analysis of the Motion and recommends that the Motion be granted and the action be dismissed without prejudice."), *adopted*, 2024 U.S. Dist. LEXIS 4114 (C.D. Cal. Jan. 8, 2024).

Based on the foregoing, the Court hereby **ORDERS** as follows:

(1)     The Application is **GRANTED**.

(2)     The Clerk is directed to **CLOSE** (JS-6) this case and **REMAND** it back to Riverside County Superior Court.

It is so ordered.